Haig **ASSADOURIAN** and **Alida Gerard,**
Plaintiffs,

v.

Elliott L. **RICHARDSON**, Secretary of
Health, Education & Welfare,
Defendant.

Civ. No. 71–423–TC.

United States District Court,
C. D. California.

Aug. 19, 1971.

Edward J. Horowitz, Goldhammer &
Horowitz, Los Angeles, Cal., for plaintiffs.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Dzintra I. Janavs,
Asst. U. S. Attys., Los Angeles, Cal., for
defendant; Erica L. Gosnell, Baltimore,
Md., of counsel.

## OPINION

SOLOMON, District Judge:

Plaintiffs are the husband and daughter of deceased claimant, Valentine Assadourian. They bring this action under 42 U.S.C. § 405(g) to review the final determination of the Secretary of Health, Education and Welfare, who denied claimant supplementary medical insurance benefits under 42 U.S.C. § 1395j.

Claimant registered for social security in August, 1955, and showed that she was born in Rome, Italy, on July 17, 1912, and that her name was Valentine Arnaud. Early in July, 1969, while going through her deceased mother's effects, she found a baptismal certificate which showed that she was born in Constantinople as Maria Valentine Arnaud on July 17, 1899. In other words, she was not 58 years old, as she had represented in her application, but was 70 years old.

Shortly thereafter, she applied for both retirement benefits and for Medicare under the Social Security Act. She also applied for supplementary medical insurance benefits under the provisions of 42 U.S.C. § 1395j.

Social Security accepted the information in the baptismal certificate as proof of her correct age, and it likewise found that when she registered for Social Se-

curity she acted in good faith. She was therefore granted retirement benefits and Medicare under the Act. However, she was denied leave to file an application for supplementary medical insurance on the ground that her application was not timely filed.

Under 42 U.S.C. § 1395j, Supplementary Medical Insurance for the Aged is a voluntary program financed by enrollee premiums and by federal appropriations.

42 U.S.C. § 1395p provides:

"(a) An individual may enroll in the insurance program established by this part only in such manner and form as may be prescribed by regulations, and only during an enrollment period prescribed in or under this section."

Since claimant was more than 65 years old when Section 1395p became effective, it was necessary that she enroll not later than March 31, 1969.[1] She did not attempt to file until July 31, 1969.

Plaintiffs contend that claimant should be permitted to apply for benefits because of her good faith mistake on age. There are provisions for good faith mistakes. They enable a claimant to obtain benefits on the information in the original filing even though the time had passed within which a claimant may file based on correct age. Here, because of the twelve year difference between claimant's reported and actual birth dates, she would have had to wait until 1977 to obtain benefits. She died long before that time. Perhaps the statute should be amended to provide other opportunities for unusual situations like this one. Unfortunately for plaintiffs, the present laws are clear and unequivocal and do not permit the late filing which claimant attempted in this case.

I find the decision of the Secretary is supported by substantial evidence and the law. It must be affirmed.

This opinion shall serve as findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.

---

1. 42 U.S.C. § 1395p provides:

"(b) (1) No individual may enroll for the first time under this part unless he does so in a general enrollment period (as provided in subsection (e) of this section) which begins within 3 years after the close of the first enrollment period during which he could have enrolled under this part.

\* \* \* \* \*

"(c) In the case of individuals who first \* \* \* [become 65] before March 1, 1966, the initial general enrollment period shall begin on \* \*. \* [September 1, 1965] and shall end on May 31, 1966.

\* \* \*

\* \* \* \* \*

"(e) There shall be a general enrollment period, after the period described in subsection (c) of this section, during the period beginning on January 1 and ending March 31 of each year beginning with 1969."

Pub.L. No. 90–97, § 1, 81 Stat. 249, amended 42 U.S.C. § 1395p to make the 1967 general enrollment period October 1, 1967, to April 1, 1968.